**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROYCE A. BEGAY,

       Plaintiff,

v.                                                                                     CIV 18-0605 KBM

ANDREW M. SAUL,[1]
Commissioner of
Social
Security Administration,

       Defendant.

## **MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (*Doc. 24*) and Memorandum Brief in Support (*Doc. 25*) filed on December 7, 2018. Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b), the parties have consented to me serving as the presiding judge and entering final judgment. *See Docs. 10, 17, 20.* Having considered the record, submissions of counsel, and relevant law, the Court finds Plaintiff's motion is not well-taken and will be denied.

**I.    Procedural History**

On May 21, 2014, Mr. Royce A. Begay (Plaintiff) filed applications with the Social Security Administration for a period of disability and disability insurance benefits under Title II of the Social Security Act (SSA), and for Supplemental Security Income under Title XVI of the SSA. Administrative Record[2] (AR) at 247, 255. Plaintiff alleged a

---

[1] Andrew Saul was confirmed as Commissioner of Social Security on June 17, 2019, and is automatically substituted as a party pursuant to Fed. R. Civ. P. 25(d).

[2] Document 14-1 contains the sealed Administrative Record. *See Doc. 14-1.* The Court cites the Administrative Record's internal pagination, rather than the CM/ECF document number and page.

disability onset date of March 15, 2012. AR at 16, 247, 255. Disability Determination Services (DDS) determined that Plaintiff was not disabled both initially (AR at 61-62) and on reconsideration (AR at 97-98). Plaintiff requested a hearing with an Administrative Law Judge (ALJ) on the merits of his applications. AR at 163-64.

Both Plaintiff and a vocational expert (VE) testified during the *de novo* hearing. *See* AR at 35-60. ALJ Frederick E. Upshall, Jr. issued an unfavorable decision on March 24, 2017. AR at 13-32. Plaintiff submitted a Request for Review of Hearing Decision/Order to the Appeals Council (AR at 224-25), which the council denied on April 26, 2018 (AR at 1-6). Consequently, the ALJ's decision became the final decision of the Commissioner. *See Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

## II.     Applicable Law and the ALJ's Findings

A claimant seeking disability benefits must establish that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. §§ 404.1505(a), 416.905(a). The Commissioner must use a five-step sequential evaluation process to determine eligibility for benefits. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4); *see also Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009).

The claimant has the burden at the first four steps of the process to show: (1) he is not engaged in "substantial gainful activity"; (2) he has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and (3) his impairment(s) meet or equal one of the listings in

2

Appendix 1, Subpart P of 20 C.F.R. Pt. 404; or (4) pursuant to the assessment of the claimant's residual functional capacity (RFC), he is unable to perform his past relevant work. 20 C.F.R §§ 404.1520(a)(4)(i-iv), 416.920(a)(4)(i-iv); *see also Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005) (citations omitted). "RFC is a multidimensional description of the work-related abilities [a claimant] retain[s] in spite of [his] medical impairments." *Ryan v. Colvin*, Civ. 15-0740 KBM, 2016 WL 8230660, at *2 (D.N.M. Sept. 29, 2016) (citing 20 C.F.R. § 404, Subpt. P, App. 1 § 12.00(B); 20 C.F.R. § 404.1545(a)(1)). If the claimant meets "the burden of establishing a prima facie case of disability[,] . . . the burden of proof shifts to the Commissioner at step five to show that" Plaintiff retains sufficient RFC "to perform work in the national economy, given his age, education, and work experience." *Grogan*, 399 F.3d at 1261 (citing *Williams v. Bowen*, 844 F.2d 748, 751 & n.2 (10th Cir. 1988)); *see also* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

At Step One of the process,[3] ALJ Upshall found that Plaintiff "has not engaged in substantial gainful activity since March 15, 2012, the alleged onset date." AR at 18 (citing 20 C.F.R. §§ 404.1571-1576, 416.971-976). At Step Two, the ALJ concluded that Plaintiff "has the following severe impairments: above the knee amputation (AKA) of the left leg, osteoarthritis, obesity, depressive disorder and cognitive disorder." AR at 18 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c)). The ALJ noted that Plaintiff has the following non-severe impairments: high blood pressure, numbness in the hands, and gastroesophageal reflux disease (GERD). AR at 19.

---

[3] ALJ Upshall first found that Plaintiff "meets the insured status requirements of the Social Security Act through December 31, 2018." AR at 18.

At Step Three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." AR at 19 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, 416.926). At Step Four, the ALJ considered the evidence of record and found that Plaintiff

> has the [RFC] to lift 10 pounds occasionally; stand and/or walk for 2 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday, with normal breaks; pushing and/or pulling is limited only by the ability to lift and/or carry; can occasionally climb ramps and stairs; can never climb ladders, ropes or scaffolds; can occasionally stoop; cannot crouch, kneel or crawl; must avoid all use of moving machinery and avoid all exposure [to] unprotected heights; requires the use of a cane during periods of walking or standing; is limited to simple, routine and repetitive reasoning level 2 tasks performed in a work environment free of fast-paced production requirements and involving only simple, work-related decisions and with few, if any, workplace changes; and can have only occasional contact with co-workers and the public and occasional supervision.

AR at 21. ALJ Upshall found that Plaintiff "is unable to perform any past relevant work." AR at 24 (citing 20 C.F.R. §§ 404.1565, 416.965). The ALJ found that Plaintiff can perform the jobs of addresser and toy stuffer. ALJ at 25. The ALJ ultimately determined that Plaintiff "has not been under a disability, as defined in the Social Security Act, from March 15, 2012, through the date of [the ALJ's] decision." AR at 26 (citing 20 C.F.R. §§ 404.1520(g), 416.920(g)).

### III. Legal Standard

The Court must "review the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005)). A deficiency

4

in either area is grounds for remand. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1161, 1166 (10th Cir. 2012) (citation omitted). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lax*, 489 F.3d at 1084 (quoting *Hackett*, 395 F.3d at 1172). "It requires more than a scintilla, but less than a preponderance." *Id.* (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004) (alteration in original)). The Court will "consider whether the ALJ followed the specific rules of law that must be followed in weighing particular types of evidence in disability cases, but [it] will not reweigh the evidence or substitute [its] judgment for the Commissioner's." *Id.* (quoting *Hackett*, 395 F.3d at 1172 (internal quotation marks and citations omitted)).

"The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence." *Id.* (quoting *Zoltanski*, 372 F.3d at 1200). The Court "may not 'displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo.'" *Id.* (quoting *Zoltanski*, 372 F.3d at 1200).

**IV.    Discussion**

Plaintiff raises three issues in his motion. He argues that: (1) the ALJ erred in failing to recognize anxiety as either a severe or a non-severe impairment and in failing to consider anxiety in determining the RFC; (2) that the RFC does not adequately account for his physical impairments; and (3) that the ALJ made reversible errors at Step Five. *See Doc. 25* at 16-23.

### A. The Court finds no error in the ALJ's analysis regarding Plaintiff's anxiety.

Plaintiff first contends that the ALJ erred at Step Two in failing to find that anxiety was a severe or non-severe impairment. *See Doc. 25* at 16-19. "[A]n error at step two of the sequential evaluation concerning one impairment is usually harmless when the ALJ, as occurred here, finds another impairment is severe and proceeds to the remaining steps of the evaluation." *Grotendorst v. Astrue*, 370 F. App'x 879, 883 (10th Cir. 2010) (citing *Carpenter v. Astrue*, 537 F.3d 1264, 1266 (10th Cir. 2008) ("[A]ny error here became harmless when the ALJ reached the proper conclusion that [claimant] could not be denied benefits conclusively at step two and proceeded to the next step of the evaluation sequence."); *Oldham v. Astrue*, 509 F.3d 1254, 1256-57 (10th Cir. 2007) (disposing of arguments relating to the severity of the claimant's impairments, finding it sufficient that the ALJ "made an explicit finding that [claimant] suffered from severe impairments[,]" which "was all the ALJ was required to do in that regard[,]" and noting that the claimant's "real complaint is with how the ALJ ruled at step five")). "This is because *all* medically determinable impairments, severe or not, must be taken into account at those later steps." *Id.* Here, ALJ Upshall found other impairments were severe at Step Two and continued through the rest of the sequential evaluation; thus, any Step Two error is harmless.

Plaintiff goes on to argue, without citation to any authority, that because the ALJ did not recognize anxiety as an impairment, then the RFC cannot be supported by substantial evidence. *Doc. 25* at 19-20. The Court disagrees. ALJ Upshall summarized *all* of the very limited objective evidence of anxiety in the record: Dr. Koewler's 2014

diagnosis of Anxiety disorder, NOS. *See* AR at 22 (citing AR at 517-20). Dr. Koewler performed a consultative psychological examination of Plaintiff on September 2, 2014. AR at 517-20. During the clinical interview portion of the examination, Plaintiff stated that "[h]e occasionally has anxiety when driving" and "is often worried about finances and his health." AR at 518. Dr. Koewler ultimately diagnosed Plaintiff with depressive disorder, NOS; anxiety disorder, NOS; cognitive disorder, NOS; insomnia; somatic symptom disorder (pain); and alcohol use disorder. AR at 519.

There are relatively few other notes in the record pertaining to anxiety. Plaintiff underwent a second consultative psychological examination with Dr. Koewler on January 14, 2015. *See* AR at 612-15. There is one note of anxiety in the allegations portion of the report, and Dr. Koewler makes very similar notes about Plaintiff's anxiety regarding driving, health, and finances, but Dr. Koewler did not include an anxiety diagnosis on this visit. *See* AR at 612-15.

Plaintiff initially alleged disability due to anxiety (*see, e.g.,* AR at 334 ("I feel depression and anxiety setting in")), yet he did not mention anxiety at the hearing with the ALJ (*see* AR at 35-60). The ALJ confirmed at the hearing that Plaintiff has not had any mental health treatment or medications for anxiety or depression. AR at 49.

Plaintiff argues that the ALJ's decision is not supported by substantial evidence with respect to his anxiety. *Doc. 25* at 19. He contends that the ALJ did "not seem to give any weight to the fact that Dr. Koewler diagnosed 'Anxiety Disorder, not otherwise specified.'" *Id.* The ALJ did make note of this, as discussed above. And "nowhere in his report did Dr. [Koewler] indicate that" Plaintiff's anxiety "was so severe as to render him unable to perform" any jobs. *See Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988).

7

"The mere fact that [Plaintiff] was diagnosed as suffering from [anxiety disorder, NOS] does not automatically mean that he is disabled." *See id.* In fact, Dr. Koewler opined that his limitations would have "a moderate limiting effect on occupational potential." AR at 519.

Plaintiff also specifically argues that Dr. Koewler's opinion that he is "moderately to markedly limited in his ability to attend and concentrate" is not adequately reflected in the RFC, given that the ALJ gave Dr. Koewler's opinion significant weight. *See Doc. 25* at 19-20; AR at 519. Plaintiff misrepresents the weight the ALJ assigned to Dr. Koewler's opinions. The ALJ stated:

> Dr. Koewler concluded that [Plaintiff's] ability to understand, remember and carry out very short and simple instructions and interact with coworkers, supervisors and the public is moderately limited. The undersigned granted significant weight **to these opinions** because they are within his area of expertise and because they are consistent with the objective evidence of record, including [his] WAIS-IV test scores.

AR at 23 (citing AR at 516-20, 611-15) (emphasis added). The ALJ did *not* give significant weight to Dr. Koewler's opinion that Plaintiff had a moderate to marked limitation in his ability to attend and concentrate. *See* AR at 23.

The State agency psychiatrists considered the record, including Dr. Koewler's opinion, and found that Plaintiff has moderate limitations in his ability to maintain attention and concentration for extended periods. *See, e.g.*, AR at 115. The ALJ gave significant weight "to the mental assessments of the State agency medical consultants because they are consistent [with] mental examination notes from Dr. Koewler and because they have program knowledge." AR at 23 (citing AR at 80-96, 120-140).

The Court finds that the ALJ was not required to incorporate the moderate limitation in maintaining attention and concentration for extended periods into Plaintiff's RFC, because Plaintiff is limited to unskilled work.[4] *See* AR at 21, 25. "Unskilled work generally requires only the following: (1) '[u]nderstanding, remembering, and carrying out simple instructions'; (2) '[m]aking judgments that are commensurate with the functions of unskilled work—i.e., simple work-related decisions'; (3) '[r]esponding appropriately to supervision, co-workers and usual work situations'; and (4) '[d]ealing with changes in a routine work setting.'" *Nelson v. Colvin*, 655 F. App'x 626, 629 (10th Cir. 2016) (quoting SSR 96-9p, 1996 WL 374185, at *9 (July 2, 1996)).

In *Nelson*, a psychologist completed an MRFCA and found that the plaintiff had a moderate limitation in her ability to maintain attention and concentration for extended periods. *Id.* at 628. The ALJ limited the plaintiff to unskilled work. *Id.* at 629. The plaintiff argued that the ALJ failed to account for this limitation, and the Tenth Circuit disagreed, finding that "unskilled work does not . . . require the ability to maintain attention and concentration for extended periods . . . ." *Id.* The same is true here. Because ALJ Upshall limited Plaintiff to unskilled work, he did not err in failing to specifically

---

[4] The ALJ specifically limited Plaintiff to "simple, routine and repetitive reasoning level 2 tasks . . . ." AR at 21. A reasoning level of two requires a worker to: "Apply commonsense understanding to carry out detailed but uninvolved written or oral instructions. Deal with problems involving a few concrete variables in or from standardized situations." DOT, Appx. C, Components of the Definition Trailer, 1991 WL 688702 (Jan. 1, 2016). Plaintiff does not contend that his RFC conflicts with this definition, and the Court finds no conflict. *See, e.g., Hackett v. Barnhart*, 395 F.3d 1168, 1171, 1176 (10th Cir. 2005) (where ALJ found the claimant "retain[ed] the attention, concentration, persistence and pace levels required for simple and routine work tasks[,]" Tenth Circuit found that the limitations were consistent with level-two reasoning) (citations omitted).

incorporate a limit regarding the ability to maintain attention and concentration for *extended* periods. *See id.*; *see also* AR at 21, 25.

### B. Plaintiff has waived his second issue.

Plaintiff includes a second heading in his brief entitled "Generally, the claimant also asserts that the decision contains other inconsistencies with regard to [his] symptoms and limitations that stem from severe impairments, including the amputation of his leg, and that the RFC assigned by the ALJ does not properly account for Mr. Begay's current level of functioning, about which Mr. Begay testified at the hearing." *Doc. 25* at 20. Plaintiff includes no actual text, argument, or authority under this heading; it is simply a section header. *See id.* "[A] Social Security claimant must adequately develop arguments before a district court." *Heaps v. Colvin*, No. 13-CV-598-PJC, 2015 WL 321222, at *7 (N.D. Okla. Jan. 26, 2015) (citing *Wall*, 561 F.3d at 1066). Because Plaintiff failed to develop his argument "in a fashion that allows for meaningful review[,]" *id.* at 8, Plaintiff has waived his second issue.

### C. The Court finds no reversible error in the ALJ's Step Five findings.

Plaintiff's final argument is somewhat disjointed. He acknowledges that the VE identified 10,000 jobs nationally that Plaintiff can perform, and he does not challenge the ALJ's determination that this number of jobs constitutes a "significant number" of jobs in the national economy. Rather, Plaintiff contends that the ALJ erred at Step Five in finding that Plaintiff could perform these 10,000 jobs nationally, because Plaintiff lives in the Navajo Nation, which is a large area with low population density. *See Doc. 25* at 20-21. The Court expressly notes, however, that Plaintiff does not argue that the ALJ should have conducted a *Trimiar* analysis for the availability of such jobs locally, even

after the Commissioner raises the issue. *See Docs.* 25; 27; 28. It appears that Plaintiff instead premises his argument on his physical impairments and contends that substantial evidence cannot support the ALJ's Step Five findings where there is evidence that Plaintiff has problems with public transportation and was fired from a previous job for being tardy due to problems with his prosthesis. *See Doc. 25* at 21-23. Plaintiff's arguments fail.

First, Plaintiff argues that the evidence shows he needs a new prosthesis for his leg, and without it, he "was found unfit by medical CEs to travel by bus." *Doc. 25* at 21. Plaintiff cites to Dr. Koewler's opinion to show that his "use of public transportation could be mildly limited." *See id.* at 22 (citing AR at 519, 614). As Dr. Koewler was a *psychological* consultative examiner tasked with opining on Plaintiff's *non-exertional* limitations, the Court finds that Dr. Koewler was commenting on Plaintiff's mental adaptation limitations, not on any limitations regarding his prosthesis. This finding is reinforced by the fact that Dr. Koewler explicitly stated that his opinions on Plaintiff's limitations "refer to psychological problems, not physical ones[,] which appear to be substantial." AR at 519. Moreover, Plaintiff testified that he can drive. *See, e.g.*, AR at 22, 44, 341.

Plaintiff also states that he was previously fired "because of tardiness due to problems with his leg." *Doc. 25* at 22 (citing AR at 43-44). Thus, he maintains, it is clear that his impairments would prevent him from performing either of the jobs that the VE and ALJ identified. *See id.*; *see also Doc. 28* at 2. The Court notes, however, that of the five previous jobs that Plaintiff discussed at the hearing (*see* AR at 42-45), he asserted

he was fired from only one due to problems with tardiness because of his leg.[5] *See* AR at 43.

Notably, Plaintiff does *not* develop any argument that the ALJ erred in making his RFC determination regarding any physical limitations. *See Doc. 25*. The VE was aware of the Plaintiff's RFC, and Plaintiff has not demonstrated that the VE's testimony was insufficient. Thus, the Court finds that the VE's testimony provides substantial evidence in support of the ALJ's findings that Plaintiff maintains the ability to work despite his RFC. Plaintiff fails to demonstrate any reversible error at Step Five.

**V.    Conclusion**

Plaintiff has failed to show that the ALJ erred in either incorporating his anxiety diagnosis into the RFC, or in making findings at Step Five. Plaintiff waived his argument as to whether the ALJ properly accounted for his physical limitations in the RFC, because he failed to incorporate adequate argument and authority into his opening brief.

Wherefore,

**IT IS ORDERED** that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision (*Doc. 24*) is **DENIED**. A final order pursuant to Rule 58 of the Federal Rules of Civil Procedure will enter concurrently herewith.

_____
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent

---

[5] Plaintiff raises other issues for the first time in his reply brief regarding whether substantial evidence supports the ALJ's findings with respect to his physical impairments (*see Doc. 28* at 2-4), but he has waived those arguments by failing to include them in his opening memorandum. *See*, *e.g.*, *United States v. Redcorn*, 528 F.3d 727, 738 n.4 (10th Cir. 2008).